Stanard, J.
delivered the opinion of the Court.
The Court is of opinion, that so much of the instruction of the Court below as is embraced by the first paragraph of the instruction No. 2, is free from any just exception. That paragraph is in these words: “If the jury are satisfied that the bill of sale of the 16th of May, of the goods in controversy, was bona fide, without any intent to delay, hinder or defraud creditors, or secret trust for Jesse W. Berry; and find they were not delivered to the said Thomas Berry at the time of sale, and that possession continued and remained in Jesse W. Berry, but that Thomas Berry did, afterwards, and before the suing of the execution in this case, take and *338 hold possession of said goods, and so continued to the time of the levy, that then the relator’s title to the goods would be valid.”
The Court is further of opinion, that on the facts supPosed by the residue of the instruction to be in proof, to wit: that the sale aforesaid was made on the 16th of May, but that there was not an actual delivery at that time to Thomas Berry, but the possession thereof continued in Jesse W. Berry, and that there was no other evidence satisfying the jury of a delivery to Thomas Berry, or of Thomas Berry’s taking and holding the said goods, but the change of sign to, and the keeping of the accounts in the name of Thomas Berry, and the hiring of journeymen, and renting a storehouse by Thomas Berry, and the removal of the goods to the storehouse so rented by Thomas Berry, the Court below erred in instructing the jury, that such facts were not of themselves sufficient proof of delivery and transfer of possession to said Thomas Berry; but the jury should consider said facts of changing the sign, and in the mode of keeping the accounts, and acts of Thomas Berry in hiring, renting, &c. with the evidence in the cause, and give them the weight they should deserve on the question whether there was a previous sale and delivery to said Thomas Berry. The Court is of opinion that the sufficiency of the said facts, combined with the other evidence in the cause, to prove the actual possession by Thomas Berry of the goods at any time before the emanation of the execution, and continuance of that possession to the time of the levy of the execution, was proper for, and ought to have been submitted to the decision of the jury; and furthermore, that the last member of said instruction improperly limited the function and operation of those facts combined with the other evidence, to their bearing on the question whether there was a previous sale and delivery to said Thomas Berry.
*339 The Court is further of opinion, that the Court below erred in the modification made by the instruction No. 4, of the instruction No. 3, moved by the plaintiff in that Court, in this, that by the said modification it is made a prerequisite to the authorization of the jury to consider the possession of Jesse W. Berry as the agent of Thomas Berry, the possession of said Thomas, that the jury should believe that at the time of the sale on the 16th of May, the goods were then and there delivered to the said Thomas in pursuance of the sale, and that said Thomas thereafter engaged the said Jesse, as agent or cleric to take and sell the goods, carrying on the store, &c. in the name of said Thomas, and for his use; and that the said. Jesse, afterwards, and up to the time of suing out the execution, held the goods openly and visibly in the name of said Thom,as only, and for his use and benefit bona fide as clerk or agent only of said Thomas. The Court is of opinion, that Jesse W. Berry's possession might justly have been considered that of Thomas if at any time after the sale and before the emanation of the execution, the said Thomas acquired the possession, and Jesse thereafter held or got possession as the agent or clerk of the said Thomas, and in that character conducted the store in the name of Thomas, and for his benefit ; and such possession having once existed after the sale and before the emanation of the execution, it was not necessary to have been continued to the emanation of the execution to enable the said Thomas to claim that the intermediate possession by the said Jesse as his agent or clerk was the possession of the said Thomas ; nor was the continuance of Jesse W. Berry's possession as agent or clerk of Thomas down to the time of the emanation of the execution, necessary to such a consummation of the sale and delivery to Thomas, (provided the transactions between him and Jesse were bona fide, and free from any fraudulent intent or object,) as would protect the goods from the execution. And the Court is *340 of opinion, that the said judgment is erroneous. It is therefore considered by the Court, that the said judgment be reversed and annulled, and the verdict of the jury be set aside; and that the defendants in error pay to. the plaintiff in error the costs by him expended in the prosecution of his writ of supersedeas in this Court. And the cause is remanded to the said Circuit Superior Court of Law and Chancery for a new trial to be had therein, on which the instructions of the Court (should instructions be sought by the parties) are to conform to the foregoing opinion and judgment.